Tom LUOX, Plaintiff–Appellant,

v.

Madeline MAIRE; Nevada Department of Information Technology Nevada Department of Welfare; Nevada Division of Child and Family Services; State of Nevada, Defendants–Appellees.

No. 07–15733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2008.

Filed July 8, 2009.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Andrea Nichols, Esquire, Office of the Nevada Attorney General, Reno, NV, for Defendants–Appellees.

Before: GOODWIN, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM *

The district court did not err in granting summary judgment on Luox's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim of quid pro quo sexual harassment under Title VII. Even accepting Luox's allegations as true, he did not suffer "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Therefore, he cannot establish a prima facie case under a theory of quid pro quo sexual harassment. The readjustment of his job assignments and similar job changes mentioned by the dissent do not constitute tangible employment actions. *See id.* (indicating that only a "materially adverse change" constitutes a tangible employment action; a "bruised ego," demotion without material changes, and reassignment to a more inconvenient job do not constitute such a change).

■ The district court did not err in granting summary judgment on Luox's claim that his supervisor retaliated against him for complaining about the alleged sexual harassment. Although Luox demonstrated that he engaged in a protected activity by filing the complaint, he failed to create a triable issue of material fact regarding whether he was constructively discharged. "The inquiry [regarding a constructive discharge] is objective," *Pa. State Police v. Suders,* 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004), and Luox did not present evidence that, after he engaged in the protected activity, his "working conditions were so intolerable and discriminatory that a reasonable person would feel forced to resign." *Huskey v. City of San Jose,* 204 F.3d 893, 900 (9th Cir.2000) (internal alteration omitted). The dissent refers to medical records that support Luox's claims of stress, but Luox's subjective reactions to objectively tolerable working conditions do not help him meet the standard for constructive discharge.

Nor can Luox rely on the treatment he allegedly experienced before he filed his complaint as evidence of intolerable working conditions. The jury returned a verdict for defendants on Luox's hostile work environment claim, and "[w]here a plaintiff fails to demonstrate ... a hostile work environment claim, it will be impossible for h[im] to meet the higher standard of constructive discharge...." *Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir. 2000).

■ Moreover, in the context of this case, the two reprimands and new work performance standards Luox received after complaining to the state attorney general did not rise to the level of adverse employment actions because a reasonable jury could not find they were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Even if the reprimands and new performance standards were adverse employment actions, the employer provided a legitimate non-discriminatory reason that such actions were a response to Luox's absenteeism and poor job performance, and Luox did not create a triable issue of fact that his employer's reason for taking such actions was pretextual.

■ Finally, the district court did not err in granting summary judgment on Luox's claim of retaliation for exercising his First Amendment rights. Luox's statements regarding the deficiencies in the TRW contract were made pursuant to his official duties, and therefore cannot be the basis for a First Amendment retaliation claim. *See Garcetti v. Ceballos,* 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d

689 (2006). Although allegations of sexual harassment may raise matters of public concern, *see Freitag v. Ayers*, 468 F.3d 528, 545–46 (9th Cir.2006), "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In the context of this case, Luox's internal and confidential sexual harassment complaint "deals with [an] individual personnel dispute[ ] and grievance[ ] . . . [that] would be of no relevance to the public's evaluation of the performance of government agencies" and therefore does not raise a matter of public concern. *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983); *see also Connick*, 461 U.S. at 154, 103 S.Ct. 1684. Accordingly, Luox failed to show a genuine issue of material fact as to whether he was retaliated against for constitutionally protected speech.

**AFFIRMED.**

KLEINFELD, J., concurring in part, dissenting in part.

I respectfully dissent, in part.

Luox's affidavit and testimony suffice to establish a genuine issue of fact about whether he suffered a significant change in his employment status on account of rejecting his supervisor's sexual overtures.[1] He says in his declaration that after he made it clear to his supervisor that he would never leave his wife, his duties were reassigned, he was excluded from committees he had been assigned to, and his leave usage began to be questioned even though he continued to follow what had been established policy on leave. Also, Luox de- clared he was docked pay for his absence when his mother die d, even though he had obtained approval for the leave.

Luox also established a genuine issue of fact on Title VII retaliation claim, and on whether his employer's reasons for its actions were pretexts for discrimination.[2] His declaration and testimony, if believed by the jury, would establish that the treatment of his leave changed after and because of his protected complaints and rejection of his supervisors sexual overtures. Also, Luox indicated that the same work performance that was satisfactory when his supervisor still thought she had a chance with him sexually, became unsatisfactory after he rejected Maire, and verbal reprimands became formal written reprimands after he complained to her supervisors and to the Nevada Attorney General's Office.

With regard to the quid pro quo claim and the retaliation claim, Luox also established a genuine issue of fact regarding constructive termination. He submitted medical evidence that the sexual pressure before December 2001, combined with the retaliation for rejecting his supervisor's advances and his complaint, caused a level of stress such that his physician advised that he quit exposing himself to a toxic work environment. His request for transfer was rejected, so resigning was the only way he could comply with his physician's advice.

Of course, a jury may reject all of this. But Luox was entitled to put this part of his case, on which summary judgment was granted, before a jury.

---

1. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

2. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).